IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH GASQUE,** | \* | |
| Petitioner | \* | |
| v. | \* | CIVIL NO.  JKB-12-3323 |
| **UNITED STATES OF AMERICA** | \* | DOCKET UNDER CRIMINAL NO. JKB-10-0195 |
| Respondent | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER ADDRESSING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

On November 16, 2011, judgment entered and the Defendant was convicted on a single count of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §846.  Former Judge Benson E. Legg of this Court ordered the Defendant to serve 119 months in the custody of the United States Bureau of Prisons. (ECF No. 64).  Now the Defendant contends that his conviction and sentence should be set aside, pursuant to 28 U.S.C. §2255, because his lawyer was ineffective and the prosecutor committed misconduct. (ECF No. 68).

The Court has carefully reviewed Petitioner's submission.  Not having presided during the plea and sentencing phases of the case, the undersigned has also carefully reviewed the entire record.  The Court is satisfied that Petitioner's attorney was diligent and effective in his representation and advocacy on behalf of the Petitioner.  The record is clear beyond all doubt that defense counsel, at the request and urging of his client, asked the Government to retest the drugs, both as to their nature and weight.  The record is also clear that this retesting occurred, and that guilty plea and sentencing proceedings were delayed and postponed to accommodate defense counsel's requests for retesting.  Finally, it is clear from the record that upon retesting,

the substance was confirmed to be cocaine base with a weight of 5.79 grams and, as such, was the basis for the subsequent guilty plea and the sentence that Judge Legg imposed. (Judge Legg, of course, took into account matters other than the drug quality and quantity when sentence was imposed.)

Upon the record, the contention that there was prosecutorial misconduct is frivolous. There are no grounds whatsoever to support such a claim.

Upon the foregoing, the Motion to Vacate, Set Aside or Correct the Sentence (ECF No. 68) is DENIED. The Clerk is directed to CLOSE THIS CASE.

DATED this 27th day of March, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge