IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH GASQUE, #51100-037<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | *<br><br>*   Civil Action No. JKB-14-1266<br>    Criminal Action No. JKB-10-195<br>*<br>***** |

MEMORANDUM

On November 9, 2011, the court sentenced Joseph Gasque ("Gasque") to a total of 119 months in the Bureau of Prisons on one count of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. Judgment was entered on November 16, 2011. No appeal was filed.

Gasque filed his first motion to vacate on November 13, 2012. *See United States v. Gasque,* Criminal No. JKB-10-195 (D. Md.) at ECF No. 68. Subsequent to briefing by the parties, the motion was denied on the merits on March 27, 2013. *Id.* at ECF No. 75.

On April 14, 2014, the court received for filing Gasque's second motion to vacate. *See United States v. Gasque*, Criminal No. JKB-10-195 (D. Md.) at ECF No. 78.[1] He raises claims citing to the cases of *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013),[2] which he argues revise the approach "to determine which prior

---

[1] Gasque also filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. *See United States v. Gasque*, Criminal No. JKB-10-195 (D. Md.) at ECF Nos. 79 & 80. As there is no civil filing fee associated with the filing of a § 2255 motion, the indigency application shall be dismissed as moot. Further, given the dismissal of this collateral attack, the motion for appointment of counsel shall be denied.

[2] *See Descamps v. United States,* ⸺ U.S. ⸺, 133 S.Ct. 2276 (June 20, 2013) (clarifying the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(B)(ii). Federal sentencing courts may no longer apply a "modified categorical approach" to determine whether prior offense was a violent felony when the crime has a single, indivisible set of elements). The Supreme Court has not, however, declared *Descamps*

convictions are to be considered violent felonies for armed career and career offenders under 18 U.S.C. § 924(e) and § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.)."[3] *See United States v. Gasque*, Criminal No. JKB-10-195 (D. Md.) at ECF No. 78. He further asks this court to alternatively construe his motion to vacate as a 28 U.S.C. § 2241 petition for habeas corpus relief if it concludes that the § 2255 remedy is ineffective.[4] *Id.*

This recent motion is undoubtedly a successive § 2255 challenge to Gasque's conviction and may not be considered without leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

There is no showing Gasque has filed for and received certification from the Fourth Circuit.

---

retroactive on collateral review.

[3] Gasque's reliance on § 2255(f)(3) & (4) is misplaced. These provisions relate to the timeliness of a § 2255 motion, and provide that the motion must be filed within one year of the date the Supreme Court recognizes a new right, and after that right has been "made retroactively applicable to cases on collateral review" or filed within one year of the date on which "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Although he did file his motion within one year from the date that Supreme Court decided *Descamps,* that fact cannot serve to authorize this court to consider the merits, if any, of Gasque's § 2255 motion. In sum, timeliness is not the issue which this court must address when deciding whether the present motion is permissible.

[4] Merely because a petitioner is precluded from obtaining review of a successive § 2255 motion in the district court in the absence of circuit court authorization does not render § 2255 an inadequate

Consequently, this court may not consider the merits of his claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk will provide Gasque a packet of Fourth Circuit instructions which addresses the comprehensive procedure to be followed should the petitioner seek authorization to file a successive petition. It is emphasized that Gasque must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

Gasque has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). Gasque "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The court declines to issue a certificate of appealability because Gasque has not made the requisite showing. A separate Order follows.

Date: April 23, 2014 /s/
James K. Bredar
United States District Judge

---

or ineffective remedy. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000).